PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 28 2008

at 2 o'clock and 50 min. P.M.
SUE BEITIA, CLERK

## United States District Court

**for the**

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: RIKI D. NAKANO-DOMEN Case Number: CR 05-00382JMS-01

Name of Sentencing Judicial Officer: The Honorable J. Michael Seabright
U.S. District Judge

Date of Original Sentence: 5/22/2006

Original Offense: UNLAWFUL USER OF CONTROLLED SUBSTANCE IN POSSESSION OF FIREARM, in violation of 18 U.S.C. § 922(g)(3), a Class C felony

Original Sentence: Six (6) months imprisonment to be followed by three (3) years supervised release with the following special conditions: 1) That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment; 2) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 4) That the defendant serve 6 months of home detention as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office.

Type of Supervision: Supervised Release Date Supervision Commenced: 11/7/2006

## PETITIONING THE COURT

[✓] To modify the conditions of supervision as follows:

**Special Condition No. 5:** *That the defendant is prohibited from participating in any form of cockfighting and/or gambling; being in the presence of any cockfighting or gambling; frequenting any business, residence, or area where any cockfighting and/or gambling activities have occurred or are presently occurring; and associating with any persons engaged in cockfighting and/or gambling.*

**Special Condition No. 6:** *That the defendant shall perform 50 hours of community service, to be determined by the probation officer.*

**Special Condition No. 7:** *That the defendant is prohibited from possessing, selling, buying, or otherwise engaging in the transfer of any merchandise that is specifically designed for use in cockfighting activities, including but not limited to the following: gaffs, blades, leashes, gaff-covers, blade-covers, sheaths, and lashes.*

**Special Condition No. 8:** *That the defendant is prohibited from possessing, selling, buying, or otherwise engaging in the transfer of any live game fowl.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 9 | That on or about 5/16/2008, the offender associated with persons engaged in criminal activity. |

The offender began his term of supervision on 11/7/2006, and has served approximately 18 out of 36 months of supervised release. He has approximately 18 months remaining.

On 5/19/2008, the offender informed this officer via telephone that he had been at a chicken fight during the previous weekend and that Hawaii County Police Department (HCPD) personnel had taken his information. This officer arranged for an in-person interview with the offender in the afternoon.

This officer conducted an in-person interview with the offender at approximately 4:45 p.m. on 5/19/2008. The offender related that a friend had invited him to a barbecue after work on Friday, 5/16/2008. Upon reaching the property hosting the barbecue, the offender related that he noticed that a chicken fight was going to occur on the property. This officer inquired as to whether the offender knew that a chicken fight was going to occur at the property before going there, and the offender responded in the negative. This officer further inquired as to whether the offender left immediately after noticing and realizing that a chicken fight was going to occur. The offender related that he did not, as he wanted to see the chickens fight. Eventually, the offender stated that HCPD personnel raided the property and ended the fight. Upon leaving, information as to the offender's identity was taken by HCPD, but he was not arrested. This officer immediately admonished the offender for his behavior and indicated that he was in violation of his supervised release. The offender acknowledged that he had made a mistake and appeared remorseful. The offender related that he did not know that a chicken fight was going to occur before going to the property. This officer underscored the point that even if this was so, the offender should have left the scene as soon as he realized criminal activity was going to occur. The offender acknowledged that point.

On 5/20/2008, an HCPD records check indicated that the offender was not arrested and charges would not be brought against the offender.

Despite the offender's recent presence and association with persons engaged in criminal activity, the offender has made an effort to comply with the conditions of his supervision. Upon commencing supervised release on 11/2/2006, the offender has resided with and contributed to the financial and emotional support of his mother and three minor sisters in the Eden Rock area of the island of Hawaii. The offender's father recently lost his leg due to medical complications and the offender is the sole support for his family. The offender has supported his family financially through work as a carpenter for Built Rite Construction for the past 2 years. The offender's supervisor, Steven Soares, indicates that the offender is dependable and a hard worker. Additionally, the offender has complied with his other terms of supervised release: completing home confinement on 5/16/2007, and substance abuse treatment on 11/8/2007.

Based upon these factors, we believe that the imposition of the restrictive conditions outlined above will sufficiently correct and control the offender's recent behavior. We are not inclined at this time to move for revocation; however, this officer shall monitor the offender's progress and report to the Court for further guidance if necessary.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modifications of the conditions of supervised release. Assistant

Federal Public Defender Donna M. Gray and Assistant U.S. Attorney Loretta A. Sheehan have been notified of the proposed modifications and have no objections to the modifications.

Respectfully submitted by,

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 5/23/2008

---

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] Other

J. MICHAEL SEABRIGHT
U.S. District Judge

May 27, 2008
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ✓ ] To modify the conditions of supervision as follows:

**Special Condition No. 5:** *That the defendant is prohibited from participating in any form of cockfighting and/or gambling; being in the presence of any cockfighting or gambling; frequenting any business, residence, or area where any cockfighting and/or gambling activities have occurred or are presently occurring; and associating with any persons engaged in cockfighting and/or gambling.* RND

**Special Condition No. 6:** *That the defendant shall perform 50 hours of community service, to be determined by the probation officer.* RND

**Special Condition No. 7:** *That the defendant is prohibited from possessing, selling, buying, or otherwise engaging in the transfer of any merchandise that is specifically designed for use in cockfighting activities, including but not limited to the following: gaffs, blades, leashes, gaff-covers, blade-covers, sheaths, and lashes.* RND

**Special Condition No. 8:** *That the defendant is prohibited from possessing, selling, buying, or otherwise engaging in the transfer of any live game fowl.* RND

Witness: [signature]
KEVIN S. TERUYA
U.S. Probation Officer

Signed: [signature]
RIKI NAKANO-DOMEN
Supervised Releasee

5/23/2008
Date